Appellant, Mr. Leckert for the appellant, Mr. Nell for the appellant. Good morning, Your Honor. I've reserved three minutes for rebuttal. May it please the Court. There are three matters that are not really in dispute, or I should say not in serious dispute. One is that under current law, if Mr. Young was sentenced, there'd be no Section 851 mandatory minimum, that the prior felony in his case was 24 years before his conviction in district court that brought us here today involved $620 worth of cocaine. So there will be no 851 mandatory minimum. The second matter, as to which is no serious dispute, is Section 851, in the words of the Sentencing Commission, was thought to promote sentencing disparity, charging disparity, and racially disparate impact. That's gone. It would not apply in this case if he was sentenced today. The third thing that's not in serious dispute is that the district judge, Judge Katanji Brown-Jackson, expressed measured dismay over the decision to impose a mandatory minimum in this case, and that's all she sentenced him to. Otherwise, it would have been a level 34, 151, 188 months. He got 20 years. So the question that really is before the Court is, how should the Court resolve the language of the First Step Act? And I think we made it quite clear in our briefs, both in our opening brief and our reply brief, that the language in the First Step Act is similar to that in the Safety Belt Act. It's almost identical. We've relied heavily on the case of United States v. Clark, Clark being a Sixth Circuit case in 1997 that essentially held that the identical language would apply only, that the language of when is the sentence imposed means when was the sentence finally reviewed on direct appeal by the Court of Appeals. The government says no, that they want to rely on two other cases. They rely on the Pearson case out of the Seventh Circuit that does involve the First Step Act, and they also invoke Avea, which is a recently Third Circuit case. Pearson's a Seventh Circuit case. And our position is those cases can be harmonized because what Pearson says is that the view we take, our endorsement of Clark, that impose means, can mean, it can mean at the time of sentencing, or it can mean at the time of direct appeal, review on direct appeal. And under those circumstances, if you'll excuse my analogy to a baseball-mad town, the pie goes to the runner. I would say the rule of lenity would control, because if reasonable people could disagree as to the application, the meaning of the application of the statute, then the rule of lenity should apply. The fact that- Is that what the Supreme Court says? I'm sorry? Is that what the, excuse my voice, is that what the Supreme Court says as to when the rule of lenity applies? What the Supreme Court said- Reasonable people can disagree? I don't think that's the latest ruling from the Supreme Court. Well, my understanding of the Supreme Court's ruling, probably the most clear language out of the Supreme Court, would come out of Bradley v. School Board, Judge Rogers. And what Bradley tells us is that unless the statute is to the contrary, or there's ex post facto considerations, when the statute changes the law through indirect appeal, that you apply the new law. And that's why we've invoked Bradley v. Richmond School Board as well. Well, I think the Chief Justice has written something a little more rigid as to when the rule of lenity applies, writing to the court. In any event, I understand your point about circuits. I think the government's point that you have to look at the word impose and apply the ordinary means. That is the government's point, and that's where the parties disagree. There is a meaning that impose can be at the time that the district judge imposed the sentence. So the Sixth Circuit in Clark is alone. I'm sorry? The Sixth Circuit in Clark is alone, right? That's correct, Your Honor. However, what Pearson said essentially is that, like any appellate decision, it should be entitled to respect. They just didn't agree with it. Then why should we? Why should we? Why should you? Because of the broad remedial purpose of the First Step Act. The First Step Act was designed, as I said, to protect people and circumstances, as my client, an African-American defendant who was— But why wouldn't Congress then have said this provision shall apply to any defendant? Well, they say, but they haven't. Our position is it's ambiguous in the sense that reasonable people could agree or disagree over the meaning of the word impose. Now, what I didn't do— You think the ordinary meaning of impose means after all the appeals are done? I think what Pearson recognizes is that the more common meaning would be exactly what you're saying. What I just said? The more common meaning— Do you think a defendant standing before the trial judge doesn't think a sentence is imposed by the trial judge? I think that our position is that Clark, which I concede to forthrightly, it is a minority—it seems to be a unique— I know, but I don't want you to argue to me why Clark is so persuasive other than that this is a remedial act. But the question is what was Congress's intent as to how far the remedy is to apply? Because what Clark tells us is that for purposes of impose, it can mean at the time of final review by a court of appeals. And we endorse that position. That's what Clark says. And what Pearson says, no, we don't agree with that. And Avia says that as well. That's the law. I'm stuck with conflicting circuit decisions, and I agree that I've got a minority in one case. But I think that the language and the reasoning of Clark is applicable here. I think it's persuasive. Didn't the Sixth Circuit hand down an opinion recently in Weissman that goes the other way? Which case, Your Honor? W-I-S-C-M-A-N. The only case— Weissman. Avia was the last one that I saw. There was one that went down the other day. I was looking—I was shepherdizing Clark like a week ago, and I didn't see anything more recent. But if there is one, I'd be happy to have you call it to my attention. And if it goes your way, I'll endorse it. No, it doesn't go your way. Okay, well, that's a problem for me. I respect that. I'll look at it again, but I thought the Sixth Circuit was in the group that was against you. Okay, well, if that's the case, if the Sixth Circuit is now against me, then I'm facing—then there are three circuits that align, including the circuit that decided Clark. And I think you'll find Weissman does not even cite Clark. I'm sorry, Your Honor? I think you'll find Weissman, U.S. v. Weissman from the Sixth Circuit, doesn't even cite Clark and aligns itself with the Seventh Circuit.  Thank you, Your Honor. Ms. Dinello? May it please the Court? Elizabeth Dinello for the United States. Good morning. Section 401 of the First Step Act does not apply to appellant for the simple reason that he was sentenced before the date of enactment. Appellants' argument that this provision extends until the conclusion of the appeal process cannot be squared with the ordinary meaning of the word imposed. As the Third Circuit put it in Avias, imposing sentences is the business of district courts, while courts of appeals are tasked with reviewing them by either affirming or vacating them. If Congress had wanted to make the cutoff point the time that the conviction becomes final, it could have said so. And, in fact, it knew how to say so, as evidenced in another provision of this very same section, subsection A2 and B, where Congress talked about the cutoff for when a qualifying prior conviction counts as a predicate, and that is when the conviction becomes final. The fact that it did not use the same language in 401C confirms that Congress intended that the word be used according to its ordinary meaning. Notably, too, that Congress, if it had wanted to make the new provision, the new mandatory minimum provisions, apply to all defendants, it could have expressly said so, as it did in Section 404 when it made the Fair Sentencing Act retroactive as to all defendants. And, finally, the rule of lenity has no play here, has no role to play here. That rule comes into play only when the court, after exhausting all tools of statutory construction, concludes that a statute is ambiguous. The fact that another circuit initially, in interpreting a different statute, considered imposed to be referring to final conviction, does not create an ambiguity, and, in fact, there's nothing ambiguous about the word imposed. Unless the Court has any questions, we'd ask you to affirm the judgment of the district court. Thank you. Thank you, Your Honor. Does Mr. Leckar have some time? I do. Okay. All I would have to say, Your Honor, is this, that the Sixth Circuit construed identical language in the safety valve statute that came out the way it did. And if Judge Edwards is correct that it's changed, then that's positive for that circuit. Thank you. All right. Mr. Leckar, you were appointed to represent your client, and we thank you for your usual excellent representation. Thank you, Your Honor. I appreciate that. Always good to see you all.
judges: Henderson, Rogers, Edwards